1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RENEWAL SERVICES, | CASE NO. 15cv1779 WQH (DHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| UNITED STATES PATENT AND TRADEMARK OFFICE, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is motion to dismiss, or in the alternative, for summary judgment (ECF No. 5) filed by the Defendant.

## I.      Procedural Background

On August 13, 2015, Plaintiff Renewal Services ("Renewal") filed the Complaint against Defendant United States Patent and Trademark Office ("USPTO") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (ECF No. 1).  On February 11, 2016, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  (ECF No. 5).  On March 7, 2016, Plaintiff filed an opposition.  (ECF No. 6).  On March 14, 2016, Defendant filed a reply.  (ECF No. 7).

28

## II.   Allegations of the Complaint

Plaintiff filed this action "seeking the disclosure and release of agency records . . . improperly withheld . . . by the United States Patent Office." (ECF No. 1 at 1). In a letter to the USPTO dated October 24, 2014, Plaintiff requested "documents containing correspondence addresses, issuance date, and patent number for all patents issued in on or after January 1, 2002" pursuant to the FOIA.[1]  (ECF No. 5-3 at 2). Plaintiff stated in the letter,

> [P]ublic access to the requested information is technically possible via your Patent Application Information Retrieval (PAIR) system.  However, the procedure has proven prohibitively cumbersome to enterprises such as my client's.  In fact the current means required to pull this public information from your system requires searchers to possess certain input codes such as a patent number, control number, or a publication number. . . .
>
> Our client has engineered a valuable service already proven to efficiently facilitate the periodic renewal of inventor's patent licenses.  This, however, requires ready and efficient access to inventor's correspondence addresses.  While the PAIR system is, unfortunately, useless to our client's business needs it does illustrate that the risk to inventors' correspondence address information will not be further impinged by our client's practices.

*Id.*

On November 13, 2014, in response to the October 24, 2014 letter, the USPTO stated that it was not obligated to provide the requested information pursuant to the FOIA.  *Id.* at 7. The USPTO stated, "The United States Patent and Trademark Office (USPTO) maintains that the records you seek are available in public patent application files and not subject to a FOIA request.  Because these files are indexed and open to

---

[1]The Court takes judicial notice of the letters between Plaintiff and Defendant whose content are alleged in the Complaint and whose authenticity no party questions. The letters are attached to Defendant's Motion to Dismiss or for Summary Judgment (ECF No. 5).  Under the doctrine of incorporation by reference, "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleadings." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted).  The "incorporation by reference" doctrine has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

public inspection pursuant to 5 U.S.C. § 552(a)(2), they are not available in response to a FOIA request made under 5 U.S.C. § 552(a)(3)." *Id.*

On March 9, 2015, in a letter to the USPTO, Plaintiff made another request for the correspondence addresses of patent holders.  Plaintiff stated,

> Our client's present need arose subsequent to your office having discontinued and eliminated, in October of 2010, the inclusion of an inventor's mailing address on patents and application publications. While this was done in the interest of inventors' privacy concerns, the public interest in allowing our client access to this information outweighs any risks to the privacy interests of patent holders. . . .
>
> Public access to the names and addresses of individuals who have had patents awarded is technically available via the US Patent Office ("USPTO")'s Patent Application and Information Retrieval ("PAIR") system.  By pulling up individual files, any public user can see the initial address used at the time the patent application was filed. *Davis v. United States Dep't of Justice,* 968 F.2d 1276, 1279 (D.C. Cir. 1992) (FOIA exemptions cannot be used to shield information already in the "public domain").  Moreover, the USPTO does provide bulk data that includes the name, patent number, and city and state of the patent holder - the vast majority of the information necessary to ascertain and contact patent holders. The only information omitted from the bulk disclosure at this time is the home address line and zip code.

*Id.* at 9-10.

On April 7, 2015, the USPTO responded and denied Plaintiff's request stating,

> The U.S. Patent and Trademark Office (USPTO) indexes and makes available for public inspection and copying all files concerning issued patents and published applications, as well as re-examination files. . . . The USPTO's indices include: (1) an index of patents by application number, patent number, or control number; (2) an inventor's index; and (3) an index of assignor/assignees of patents.  The documents you seek would be found in these files.  Inventor's names and addresses are listed in the Inventor's Oath/Declaration of each issued patent and can be viewed in public PAIR.

(ECF No. 5-3 at 15).

On May 6, 2015, Plaintiff filed an administrative appeal explaining that, the USPTO's "response does not address the . . . excessively onerous method for extracting information, nor does it address the fact that addresses and zip codes are excluded from the bulk data currently offered by the USPTO." *Id.* at 18.  Plaintiff stated, "Right now, by pulling up individual files, any public user can see the initial address used at the time the patent application was filed. Bulk data available through the USPTO, however

excludes the address and zip code related to patents." *Id.* at 18.

On June 5, 2015, Defendant denied the administrative appeal stating,

The Freedom of Information Act, at 5 U.S.C. § 552(a)(3), requires Federal agencies to make 'records' available to requestors. However, Section 552(a)(3)(A) exempts from that requirement 'the records made available under paragraphs (1) and (2) of this subsection,' referring to Section 552(a)(1)and (2). As explained in the initial determination, the USPTO 'indexes and makes available for public inspection and copying all files concerning patents and published applications.' You were specifically advised: 'Inventors' names and addresses are listed in the Inventor's Oath/Declaration of each issued patent and can be viewed in public PAIR.'

The information you have requested is contained in documents made available to the public in public PAIR. Because the Agency publishes and indexes documents pertaining to patents in public PAIR, those documents fall within 5 U.S.C. § 552(a)(2). . . . Consequently, those public PAIR records, which include within them the information that you have requested, are not subject to further release under Section 552(a)(3).

*Id.* at 22.

The Complaint asserts that Plaintiff has the right to the "prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A)" and that "[t]he USPTO has wrongfully withheld the sought-after records from Plaintiff." (ECF No. 1 at 4). Plaintiff requests that this Court "order Defendant to disclose requested records in their entireties and make electronic copies available to Plaintiff." *Id* at 4.

## III. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 679.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## IV. Contentions of the Parties

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim, or, in the alternative, for summary judgment.  Defendant contends that the information requested in the Complaint is publicly available and indexed, in full compliance with § 552(a)(2) through the PAIR system.  Defendant contends that it has no obligation under the FOIA to make additional accommodations pursuant to § 552(a)(3) so that Plaintiff's access to the publicly available information is less cumbersome.  Defendant further asserts that the addresses for all patent holders are publically available and indexed in compliance with the FOIA and that the agency has no obligation to provide the same information in bulk data.

Plaintiff contends that it has properly stated a FOIA claim by pleading that the PAIR system has an excessively onerous method for extracting information and that the USPTO's withholding of correspondence addresses in bulk data is improper.  Plaintiff contends that the privacy concerns of inventors are not sufficient for the Defendant to withhold the addresses from the bulk data. Plaintiff contends that Defendant is required

to release records in a less cumbersome manner pursuant to 5 U.S.C. § 552(a)(3).

In reply, Defendant contends that the agency has fully disclosed the requested information under § 552 (a)(2) and that § 552 (a)(3) which requires agencies to provide records in "any form or format requested" is inapplicable.  5 U.S.C. § 552(a)(3)(B). Defendant asserts that it is not withholding the correspondence addresses based upon privacy concerns because the addresses are publically available through public access to the PAIR.

## V.  Applicable Law

The FOIA is a federal statute that sets forth the procedures and standards for public release of executive agency records. 5 U.S.C. § 552.  FOIA serves the purpose of promoting transparency between the public and the actions taken by government agencies. *See United States Dep't of Justice v. Reporters Comm. For Freedom of Press,* 489 U.S. 749, 772 (1989) (explaining that the purpose of the FOIA is to "open agency action to the light of public scrutiny" (internal quotation omitted)).

FOIA requires agencies to make certain records available for public inspection, without a request pursuant to 5 U.S.C. § 552(a)(2).  FOIA further includes provisions for the public to request specific records pursuant to § 552(a)(3) when the information is not already public pursuant to§ 552(a)(2).  5 U.S.C. § 552(a)(3) states in relevant part, "Except with respect to the records made available under paragraph (1) and (2) of this subsection, ... each agency, upon any request for records . . . shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).

## VI.  Ruling of the Court

"[F]ederal jurisdiction [pursuant to § 552(a)(4)(B)] is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).  In this case, the Complaint alleges that access to the requested information is "possible via the USPTO's Patent Application Information Retrieval ("PAIR") system." (ECF No. 1 at 2).   The Complaint contains factual allegations that PAIR contains correspondence

1  addresses, issuance dates and patent numbers for patents issued.  The Complaint

2  contains factual allegations that the information in the PAIR system is indexed using

3  patent numbers, application numbers, and control numbers.  (ECF No. 5-3 at 15). The

4  facts alleged in the Complaint show that the requested information is available for

5  public inspection, without a request, as required by § 552(a)(2).

6          5 U.S.C. § 552(a)(3) specifically provides that the agency need not respond to a

7  § 552(a)(3) request for information when the same information is indexed and made

8  public pursuant to the guidelines of § 552(a)(2).  *See  United States Dep't of Justice v.*

9  *Tax Analysts,* 492 U.S. 136, 152 (1989) ( "Under subsection (a)(3), the general

10  provision covering the disclosure of agency records, an agency need not make available

11  those materials that have already been disclosed under subsections (a)(1) and (a)(2).")

12  and *Leeds v. Commissioner of Patents and Trademarks,* 955 F.2d 757, 763 (D.C. Cir.

13  1992) ("Because Rule 109 statements are already available under § 552(a)(2), they are

14  specifically exempted from the category of documents that must be produced upon

15  request under § 552(a)(3).").  Since the allegations of the Complaint in this case

16  establish that Defendant has made the requested records publicly available and indexed,

17  through electronic means, there are no facts alleged which would support the claim that

18  the requested information is "improperly withheld" pursuant to 5 U.S.C. § 552(a)(3).

19  Plaintiff has failed to allege facts or law which would support a claim that Defendant

20  has improperly withheld bulk data information under the FOIA.  The Complaint alleges

21  facts which establish that the correspondence addresses are publicly available under §

22  552(a)(2), and the Complaint fails to allege facts which support a claim that the

23  correspondence addresses in the bulk data information is "improperly withheld"

24  pursuant to 5 U.S.C. § 552.  Plaintiff's contention that privacy exemptions cannot

25  justify the withholding of the addresses and zip codes from the bulk data is not

26  applicable under the facts alleged in this Complaint.  Exemptions only apply when there

27  is a withholding of information.  In this case, the facts alleged do not support a claim

28  that the information is improperly withheld.  *See Tax Analysts* 492 U.S. at 150

("Congress used the word 'withheld' only 'in its usual sense.'").  When the requested materials are made publicly available by the agency itself, the information is not withheld.

The Court concludes that the Complaint fails to allege facts to plausibly support a claim that Defendant has improperly withheld information under the FOIA, 5 U.S.C. § 552 .

**V.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is **GRANTED**. The Complaint is DISMISSED without prejudice.

DATED:  June 29, 2016

**WILLIAM Q. HAYES**
United States District Judge